# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLOS ALBERTO MIRA GIL, *pro se,*

    Plaintiff,

v.                                  Case No. 8:09-CV-2101-T-30TBM

NEPHTALI SEPULVEDA, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se*, has filed an amended civil rights complaint (Dkt. 6). His amended complaint relates to events which occurred in 2003.

### Standard of Review

Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156

F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP"), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

**Background**

In his complaint, Plaintiff essentially alleges that on January 19, 2003, he was arrested. Plaintiff was interrogated. Plaintiff was a Spanish citizen. On several occasions, Plaintiff asked Defendants Sepulveda, Petry, and Gamez to contact the Spanish Consulate on his behalf. Defendants, however, never contacted the Spanish Consulate. On May 19, 2003, Plaintiff asked his public defenders, Defendants Littman and Fulgera, to contact the

Spanish Consulate. Defendants, however, did not contact the Spanish Consulate.

The gravamen of Plaintiff's complaint is that Defendants violated his rights under Article 36 of the Vienna Convention on Consular Relations when they failed to contact the Spanish Consulate after Plaintiff asked them to do so.[1] For relief, Plaintiff seeks compensatory and punitive damages, a declaration that Defendants violated his rights under the Vienna Convention, and disciplinary measures taken against Defendants.

## Analysis

"[T]he Vienna Convention does not confer enforceable individual rights." *Gandara v. Bennett*, 528 F.3d 823, 829 (11th Cir. 2008). "[A] foreigner who has been arrested and detained in this country and alleges a violation of the consular notification provisions of the Vienna Convention on Consular Relations...can[not] maintain an action under 42 U.S.C. § 1983." *Id.* at 825. Consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

Furthermore, Plaintiff's 42 U.S.C. § 1983 complaint is barred by the statute of limitations. Plaintiff did not file his complaint within Florida's four-year statute of limitations for filing personal injury actions.[2] Fla. Stat. § 95.11(3); *Wilson v. Garcia*, 471

---

[1] "Article 36 of the Vienna Convention provides that upon arrest, a foreign national has the right to contact the consular post of his home country, and that the arresting authorities must inform the detainee of that right. Once a detainee is informed of his right to contact the local consulate's office, the arresting authorities must forward any desired communications to that foreign office." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1304 (11th Cir. 2005) (citation and footnote omitted).

[2] Plaintiff's alleges in his complaint that his requests to contact the Spanish Consulate were made on January 19, 2003, and May 19, 2003. Consequently, the statute of limitations began to run, at the latest, on May 19, 2003. Plaintiff signed his original complaint in this action on October 9, 2009 (Dkt. 1 at pg. 9), more than six years after the statute of limitations began.

U.S. 261, 270-75 (1985) (concluding that § 1983 actions are best characterized as personal injury actions and that the forum state's statute of limitations for personal injury actions applies).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint is **DISMISSED** as time-barred and for failure to state a claim upon which relief may be granted (Dkt. 6).

2. The Clerk of Court shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

4